**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNATAN DAVID ESPINOSA ISAZA,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, OTAY MESA<br>DETENTION CENTER, et al.,<br><br>Respondents. | Case No.:  3:26-cv-03195-RBM-BJW<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Johnatan David Espinosa Isaza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    **BACKGROUND**

Petitioner, a native and citizen of Colombia, entered the United States without inspection on or around November 8, 2021.  (Doc. 1-2 at 1; *see* Doc. 1-3 at 1.)  On November 10, 2021, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen "present in the United States without being admitted or paroled."  (Doc. 1-3 at 1.)  After his release, Petitioner filed an application for asylum relief and was granted employment authorization.  (Doc. 1 at 2, 4; *see* Doc. 1-2 at 1.)

1

On February 23, 2026, Petitioner was detained by U.S. Border Patrol agent during a vehicle traffic stop.  (Doc. 1-3 at 10.)  That same day, DHS served Petitioner with a new NTA.  (Doc. 1 at 2; *see* Doc. 1-3 at 10.)  Petitioner remains detained at the Otay Mesa Detention Center.  (Doc.1 at 1.)  On March 31, 2026, an immigration judge denied Petitioner's request for custody redetermination based on lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (Doc. 1 at 2; *see* Doc. 1-3 at 14.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause and the Immigration and National Act ("INA").  (*See* Doc. 1 at 1–4.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)."  (Doc. 6 at 2.)  Respondents "acknowledge[ ] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision, and on that basis . . . does not oppose the [P]etition and defers to the Court on the appropriate relief."  (*Id*. at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on conditional parole and re-detained several

years later.  In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026).  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was previously released from custody on conditional parole under § 1226(a).  (*See* Doc. 4 at 1.)  "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [his] release that ICE determined [he] was neither."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  There is also no dispute that Petitioner lived in the United States for over four years, was able to apply for asylum relief, and was granted work authorization before he was re-detained in February 2026.  (*See* Doc. 1 at 1–2.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary detention procedures; and (2) ICE's revocation of Petitioner's release on conditional parole without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.  *See Faizyan*, 2025 WL 3208844, at *7; *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although . . . Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge*

*M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid").

### IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. The Government is **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting conditional parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  July 2, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-03195-RBM-BJW